UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| DANIELLE L. HIATT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 23-165-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GRANGE PROPERTY & CASUALTY | ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Danielle Hiatt filed a Complaint against Defendants Grange Property & Casualty Insurance Company, Grange Indemnity Insurance Company, and Grange Insurance Company (collectively "Grange") in the Boone Circuit Court on October 18, 2023. [Record No. 1] The Complaint alleges that Hiatt had an active homeowner's insurance policy issued by Grange when her home sustained damage in a storm—damage that Grange failed to fully cover in violation of the policy's terms.[1] After filing an initial Answer in Boone Circuit Court, Grange filed notice of removal on December 4, 2023, invoking this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332.

---

[1] The Complaint asserts that the alleged damage occurred on April 1, 2023, during which time the insurance policy was "in full force and effect." [Record No. 1-1, p. 7, ¶ 10] Grange's Counterclaim and Memorandum in Opposition to the Motion to Dismiss report the existence of an insurance policy with a policy period from "May 7, 2023 to May 7, 2024." [Record Nos. 8, p. 9, ¶ 5; 13, p. 5] Since Grange does not assert as a defense that the policy was not in effect on April 1, 2023, and the parties did not append the policy to any of their filings, it is unclear whether the policy period provided by Grange is a typographical error.

- 1 -

On December 18, 2023, Grange filed an Amended Answer and Counterclaim seeking a declaratory judgment to determine the rights, duties, and obligations of the parties under the insurance policy. [Record No. 8] Hiatt filed a motion to dismiss the defendants' Counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it is a redundant, mirror-image of the Complaint. [Record No. 9] Because Grange's Counterclaim fails to raise distinct legal issues, Hiatt's motion to dismiss will be granted.

## I.

The focus of this dispute is a homeowner's insurance policy issued to Hiatt by Grange Property & Casualty Insurance Company. The parties agree that the policy covers Hiatt's primary resident located at 739 Peach Tree Lane in Erlanger, Kentucky. [Record Nos. 8, 9] Hiatt asserts that the policy requires Grange to cover damages to her home's roof and siding that resulted from a windstorm/hailstorm occurring April 1, 2023. She argues that Grange's coverage offer was unreasonably inadequate and constituted a breach of contract and a breach of the duty of good faith. [Record No. 9]

Grange responded by noting that it inspected the alleged storm damage and based its settlement on what it determined to be covered damages observed during an inspection of the property. [Record No. 13] It contends that Hiatt has not established the conditions precedent for full replacement cost of the roof under the policy, which does not cover damage caused indirectly due to wear and tear.

## II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is construed in the light most favorable to the counter-claimant and all allegations are accepted

as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The counterclaim must allege "enough facts to state a claim for relief that is plausible on its face" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But even where a counter-claimant has met this burden, the district court's "[e]xercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a) is not mandatory." *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942)). Instead, district courts are afforded "substantial discretion" in this regard. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008).

Hiatt argues that Grange's counterclaim for declaratory relief should be dismissed because it does no more than raise an issue of contractual interpretation that is addressed in her Complaint. In other words, Hiatt asserts that because resolving her claims will conclusively resolve the issue raised in the Counterclaim, the Counterclaim is duplicative. Conversely, Grange contends that its Counterclaim involves unique legal and contractual issues that may not be entirely connected to a breach of contract, bad faith claim, or an affirmative defense to enforce the policy. And it further asserts that it would be premature to dismiss the Counterclaim at this stage of litigation because it is too early to ascertain whether the parties' claims are identical.

Generally, a declaratory judgment is appropriate only if it would either "serve a useful purpose in clarifying and settling the legal relations in issue" or "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (citation omitted). The

court should decline to grant a declaratory judgment when neither of these results would be accomplished. *Id.*

A counterclaim that does no more than restate issues raised in a complaint may be dismissed as redundant. The basis of the rule is that "when a counterclaim merely restates the issues as a 'mirror image' of the complaint, the counterclaim serves no purpose." *Fed. Deposit Ins. Corp. v. Project Dev. Corp.*, 819 F.2d 289, 289 (6th Cir. 1987) (citation omitted). Accordingly, a counterclaim may be dismissed where resolution of the underlying complaint "would dispose of all factual or legal issues necessary for deciding that counterclaim." *See Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 406–07 (6th Cir. 2017). However, a counterclaim should only be dismissed if "there is no doubt that it will be rendered moot by adjudication of the main action." *Pettrey v. Enter. Title Agency, Inc.*, No. 05-cv-1504, 2006 WL 3342633, at *3 (N.D. Ohio Nov. 17, 2006). If there is any doubt regarding whether the claims are identical, the "safer course" would be to deny the motion to dismiss and resolve the claim at a later stage of the litigation. *Id.*

Hiatt's Complaint raises breach of contract and multiple theories of bad faith under both common law and state statute. Grange argues that resolving these claims will merely yield a determination of liability and damages, whereas a declaratory judgment will clarify the rights and obligations owed under the policy. [Record No. 13] But this argument is unpersuasive. The Court cannot reach a conclusion regarding potential liability or damages on a breach of contract claim until the parties' obligations under the policy have been determined. Grange's assertion that the requested declaratory judgment will offer "a precise

legal framework" is not, in the Court's discretion, a sufficient justification for entertaining a counterclaim premised on the same issues of fact and law as the Complaint.

**III.**

Based upon the foregoing, it is hereby

**ORDERED** that the plaintiff's motion to dismiss the defendants' counterclaim [Record No. 9] is **GRANTED**.

Dated: March 13, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky